**SO ORDERED.**

**SIGNED this 28 day of July, 2010.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Opinion designated for on-line use and print publication
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re:<br>MARC EDWIN BOUTON and<br>DONITA SUE BOUTON,<br><br>                    DEBTORS. | CASE NO. 09-24289<br>CHAPTER 13 |

**MEMORANDUM OPINION AND ORDER DENYING DEBTORS' OBJECTION TO PROOF OF CLAIM FILED BY DOUGLAS COUNTY TREASURER**

The matter before the Court is the Debtors' objection to the proof of claim filed by the Douglas County Treasurer for real property taxes.[1] Debtors Marc and Donita Bouton appear by Jonathon C. Becker. The Douglas County Treasurer appears by Wesley F. Smith and Evan H. Ice of Stevens & Brand, LLP. There are no other appearances. The Court has jurisdiction.[2]

---

[1] Doc. 28.

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority

This case was filed on December 28, 2009. Debtors' schedules identified real property located in Lawrence, Kansas as their homestead with a value of $181,000, subject to secured claims of over $228,000.00, not including a claim for real estate taxes. The Douglas County Treasurer filed a proof of claim for $7,276.86 as a secured claim for taxes for tax years 2007, 2008, and 2009 with respect to the homestead property. Debtors filed an objection asserting that: (1) $1,134.39, one half of the 2009 taxes, should be stricken because the taxes were not due until May 10, 2010, after the case was filed; (2) the other half of the 2009 taxes, due on December 20, 2009, should be treated as a priority unsecured claim; (3) $1,143.21 for one half of the 2008 taxes should be treated as a priority unsecured claim; and (4) the 2007 taxes of $2,550.22 and the first half of the 2008 taxes of $1,143.21 be treated as secured claims. Debtors also assert that the proof of claim form is incomplete because it lacks an account summary.

Douglas County responded asserting that it has a secured claim for the following taxes: $2,550.22 for 2007; $2,457.86 for 2008, and $2,268.78 for 2009. According to the County, all these taxes were due and owing on the date of filing and were liens on the Debtors' real property on that date. The Treasurer asserts there is no distinction between the years and the time periods claimed. The Treasurer also argues that its proof of claim

---

conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. An objection to claim is a core proceeding which ths Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2) (B). There is no objection to venue or jurisdiction over the parties.

was properly supported by attachments of screens from the County's computerized tax records.

**ANALYSIS.**

**A. The Douglas County Treasurer has an allowed secured claim for $7,276.86.**

This case presents the issue of the priority and status of claims for Kansas real property taxes. In Kansas all ad valorem real estate taxes are due on November 1 of each year, and a lien for the taxes automatically attaches to the property subject to the tax on the same date.[3] The lien continues until the taxes plus any penalties and interest which have accrued have been paid.[4] Hence, when this case was filed on December 28, 2009, the Debtors' homestead property was encumbered by a lien for taxes for years 2009, which became due on November 1, 2009, and any unpaid portion taxes for prior years, including tax years 2008 and 2007. As to the time of payment of the taxes, K.S.A. 79-2004[5] gives the taxpayer the option of payment of taxes in full by December 20 of each

---

[3] K.S.A. 79-1804 provides in part:

All taxes shall be due on the first day of November of each year. A lien for all taxes shall attach to the real property subject to the same on the first day of November in the year in which such tax is levied, and such lien shall continue until such taxes and penalty, charges and interest which may have accrued thereon, shall be paid by the owner of the property or other person liable to pay the same: . . .

[4] *Id.*

[5] K.S.A. 79-2004 (a) provides in part:

(a) Except as provided by K.S.A. 79-4521, any person charged with real property taxes on the tax books in the hands of the county treasurer may pay, at such person's option, the full amount thereof on or before December 20 of each year, or 1/2 thereof on or before December 20 and the remaining 1/2 on or before May 10 next ensuing. If the full amount of the real property taxes listed upon any tax statement is $10 or

year or payment, without penalty or interest, of one half of the taxes on or before December 20 and the remaining one half on or before May 10 of the next year.

Debtors' objection to the claim rests upon a confusion between the time of attachment of a lien for taxes and the time payment is required. First, Debtors erroneously argue that one half of the 2009 taxes should not be included in the claim because the taxes were not due until May 20, 2010, after the date of filing. However, pursuant to K.S.A. 79-1804 the entire 2009 taxes became due and were secured by a lien on their homestead property on November 1, 2009, before the date of filing. The option to pay in two installments does not alter the fact of a lien from the initial due date of November 1 of the tax year.

Second, the Court rejects Debtors' assertion that one-half of the 2009 taxes, payable by December 20, 2009 and one-half of the 2008 taxes payable on May 20, 2009, should be treated as unsecured eighth priority claims under 11 U.S.C. § 507(a)(8).[6] This

---

less the entire amount of such tax shall be due and payable on or before December 20.

[6] 11 U.S.C. § 507(a)(8) provides:

(a) The following expenses and claims have priority in the following order:

\* \* \*

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for--

\* \* \*

(B) a property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;

position is based upon failure to appreciate the fact the under Kansas law real property taxes become liens on November 1, regardless of the date payment is due. It is true that these taxes were last payable without penalty after one year before the case was filed, but this eighth priority applies only to unsecured claims of governmental units. The ad valorem taxes in issue here became liens on November 1, 2009 and November 1, 2008. The eighth priority of § 506(a)8) does not apply.

The foregoing analysis is supported by long standing case law in this district. Former Bankruptcy Judge Pusateri addressed real property tax claims in *Prairie Mining*[7] in 1996, and District Judge Crow also discussed the issue in *Southwest Hotel Corp*[8].in 1998. In *Prairie Mining* the bankruptcy case was filed in July 1993. Judge Pusateri held that real property taxes for 1989 through 1992 were due and payable when the case was filed and were secured by an unavoidable lien on the property. As to 1993 taxes, although the property has been appraised, the taxes were not due or secured by the filing date. Judge Pusateri stated the following general rules regarding Kansas real property taxes:

> Under Kansas law, real estate is appraised as of January 1, K.S.A.1994 Supp. 79-503a, taxes on it become due on November 1, K.S.A. 79-1804, and the taxes are payable on December 20 or one-half on December 20 and one-half on the following June 20, K.S.A.1994 Supp. 79-2004. A lien for the taxes attaches automatically on November 1 and continues in

---

[7] *Baer v. Board of County Comm. of Johnson County, Kansas (In re Prairie Mining, Inc.)*, 194 B.R 248 (Bankr. D. Kan. 1996).

[8] *Sunwest Hotel Corp. v. Board of County Comm. of Reno County, Kansas (In re Sunwest Hotel Corp.)*, 1998 WL 982905 (Case no. 96-4187 D. Kan. Sept. 29, 1998).

> effect until the taxes plus any penalties and interest which may have accrued are paid. K.S.A. 79-1804.[9]

In *Sunwest Hotel*, Judge Crow affirmed the bankruptcy court's ruling that when debtor filed for relief in January 1992 real estate taxes for year 1992 were not a lien on the subject real property, because under K.S.A. 79-1804 no lien could attach until November 1, 1992.[10]

The Debtors' objections relating to a secured claim for the 2009 taxes and one half of the 2008 taxes are rejected for the reasons stated above. Debtors agree that the claim for taxes for one-half of 2008 and 2007 are secured claims. Hence, the tax claim of Douglas County Treasurer is an allowed as a secured claim for the stated amount of $7,276.86.

**B. Although the Douglas County Treasurer's proof of claim is incomplete, relief on this basis is denied.**

Debtors also object to the Douglas County proof of claim on the ground that the "claim form is incomplete."[11] They contend that the "attachment to the proof of claim form does not qualify as an 'account summary' and is not sufficient to establish the prima facie validity."[12] The County responds that the form is complete as a "very explicit screen print was attached to its Proof of Claim."[13]

---

[9] *In re Prairie Mining*, 194 B.R. at 252.

[10] *In re Sunwest Hotel*, 1998 WL 982905 at * 3.

[11] Doc. 28, p.1.

[12] *Id*.

[13] Doc. 42, p. 4.

The Court agrees with the Debtors that the attachments to the proof of claim are difficult to interpret. Prior opinions of this Court have taken a practical, rather than a technical, approach to determining the sufficiency of a prof of claim.[14] The question is whether the necessary information is provided in a format that is understandable so the proof of claim may be thoroughly evaluated. In this case, the attachments to the proof of claim are print outs of three screens from the treasurer's office showing the status of the real property taxes. The format is difficult to decipher. Although the taxpayers' names are stated, only a mailing address, which may or may not be the address of the real property subject to the tax is included; the property taxed appears to be identified by an internal PIN number; the amount of taxes and the years for which the taxes are owed are not clearly stated; and the same tax liability appears on more that one sheet. It is difficult, based upon the attachments, to confirm that the total owed is the amount stated on the proof of claim.

The Court finds the attachments to the proof of claim would better serve their intended purpose if the print outs were accompanied by a summary sheet stating the relevant information, including as a minimum: A description of the real property subject to the tax, including identifying it by its common address; the name and address of the persons to whom the tax statements were sent; and the amount of taxes owed by tax year, including an itemization of interest and fees.

---

[14] *In re Curry*, 425 B.R. 841 (Bankr. D. Kan. 2010); *In re Osborne*, 2005 WL 6425053 (Case no. 03-25176, Bankr. D. Kan. April 25, 2005).

Although the proof of claim in this case does not comply with the foregoing requirements, the Court finds that the noncompliance is of no consequence. Because Debtors objected to the proof of claim, they have been provided all the information needed to evaluate the claim. Requiring the filing of an amended proof of claim would be a fruitless act in this case.

**CONCLUSION.**

For the foregoing reasons, Debtors' objection to the proof of claim filed by the Treasurer of Douglas County is overruled.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###